IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
     Plaintiff,

v.                                                          Criminal No. 96-39-1 (MAJ/BJM)

**JUAN M. MOJICA-RIVERA,**
     Defendant.

### REPORT AND RECOMMENDATION

Defendant Juan M. Mojica Rivera ("Mojica") was convicted of one count of bank robbery resulting in death, two counts of use of firearms in the commission of violent crimes, one count of armed carjacking resulting in death, one count of being a fugitive in possession of firearms, and one count of possession of semi-automatic assault weapons, in violation of 18 U.S.C. § 2113(e), 18 U.S.C. § 924(c)(1), 18 U.S.C. § 2119(3), 18 U.S.C. § 922(g), and 18 U.S.C. § 922(v)(1), respectively. Docket ("Dkt.") 337. On August 23, 2001, this court sentenced him to life imprisonment Dkt. 339. Mojica seeks to have this court reduce his sentence and grant a compassionate release. Dkt. 878; 888. The government has opposed. Dkt. 885.

This court has jurisdiction under 18 U.S.C. § 3582(c)(1)(A). This matter was referred to me for a report and recommendation. Dkt. 881. For the following reasons, the court should **DENY** Mojica's motion for compassionate release.

### BACKGROUND

Mojica is a 50-year-old male born on July 8, 1973. Dkt. 337 at 2. As a juvenile, he committed a felony offense and was placed on probation for three years. *Id*. at 16. In 1992, when Mojica was 19, he pled guilty to two violations of the Puerto Rico Weapons Law for possession of and transporting a loaded firearm. *Id*. at 17. In 1996, at age 22, Mojica was charged with firearms

violations, possession of a stolen vehicle, robbery, aggravated assault, attempted murder, conspiracy, aggravated damages, and first-degree murder. *Id*. at 18-25. The state court sentenced him to 140 years for first-degree murder, and twenty years for the other charges. *Id*.

In the present case, Mojica was sentenced to life imprisonment as to Counts One and Three, 120 months as to Count Two, 240 months as to Count Four, 120 months as to Count Five, and 60 months as to Count Six. Dkt. 339 at 1. Mojica, along with his codefendants, robbed over $50,000 from a Banco Popular in Orocovis while masked and heavily armed. Dkt. 337 at 5. During their escape, they used an elderly man as a human shield and opened fire on the police. *Id*. During the shootout, the defendants shot and seriously wounded two officers. *Id*. at 6.

The defendants then boarded a stolen getaway vehicle and sped away while still firing their weapons indiscriminately. *Id*. They later carjacked another vehicle and abandoned their getaway vehicle. *Id*. This led to a high-speed chase in which the defendants fired at police officers and other vehicles, seriously wounding two other police officers. *Id*. Two of the defendants were in turn wounded during the shootout and one later died from the sustained head injury. *Id*. Some of the defendants, including Mojica, fled after crashing the vehicle but were later apprehended. *Id*. Mojica had an AK-47 assault rifle at the time of his arrest. *Id*. at 7. While searching the carjacked vehicle, police officers found other firearms, ammunition, and the cash robbed from the bank. *Id*.

The First Circuit affirmed Mojica's sentence and conviction. *See United States v. Mojica-Rivera*, 435 F.3d 28 (1st Cir. 2006). A petition to the Supreme Court was subsequently denied. *See Mojica-Rivera v. United States*, 547 U.S. 1032 (2006). This court also denied post-conviction relief. *See Mojica-Rivera v. United States*, No. CIV. 07-1283 (SEC), 2010 WL 1728358 (D.P.R. Apr. 26, 2010). Mojica has now served more than twenty years of his sentence.

In his initial filing, Mojica alleges he is eligible for compassionate release because he is currently serving an unusually long sentence, per U.S.S.G. 1B1.13(b)(6). He argues his sentence must be reduced due to changes in sentencing law, particularly that the jury must find beyond a reasonable doubt whether his conduct resulted in death to impose a life sentence. Dkt. 878 at 13-14 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Moreover, Mojica argues he would not have received the consecutive sentence for violating 18 U.S.C. § 924(c)(1) given the amendments made by the First Step Act. *Id*.

In response, the government agrees Mojica would not be subject to a life sentence for the armed carjacking charge, Count Three, as the jury made no finding that death resulted, and argues the Count Four stacked sentence would be grossly disproportionate to what would be considered an appropriate sentence today. Dkt. 885. However, the government maintains that the life sentence for Count One, bank robbery, must be upheld as the record reflects the jury was instructed to make a finding as to whether the charge resulted in death. *Id*. Moreover, the government contends that the 18 U.S.C. § 3553(a) factors, which must be considered when analyzing a compassionate release request, weigh against reducing Mojica's sentence. *Id*. Mojica counters by stating the analysis of the 3553 factors support a reduced sentence. Dkt. 888.

## STANDARD OF REVIEW

A court may grant so-called "compassionate release" to a defendant under 18 U.S.C. § 3582(c)(1)(A). 18 U.S.C. § 3582(c)(1)(A) provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

Case 3:96-cr-00039-MAJ-BJM   Document 903   Filed 04/30/24   Page 4 of 13

*United States of America v. Juan M. Mojica-Rivera*, Criminal No. 96-39-1 (MAJ/BJM)                    4

> (i)    extraordinary and compelling reasons warrant such a reduction
>
> ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A); *see also* U.S.S.G. § 1B1.13 (sentencing guidelines policy statement on compassionate release). Under this statute, a district court may properly consider a motion for compassionate release under three circumstances: (1) the motion is filed by the Director of the BOP; (2) the motion is filed by defendant after he exhausts all his administrative rights to appeal BOP's refusal to bring a motion on his behalf; or (3) the motion is filed by defendant 30 days after defendant requested BOP to petition for compassionate release on his behalf. 18 U.S.C. § 3582(c)(1)(A).

Once a motion for compassionate release is properly before the court, the court must then determine if defendant is eligible for release. The statutory language quoted above requires that defendant show that "extraordinary and compelling reasons" warrant a reduction in his sentence, that the court consider the factors set forth in 18 U.S.C. § 3553(a) to the extent applicable, and that the reduction be "consistent" with the Sentencing Commission's applicable policy statements. *Id*. Additionally, a defendant's dangerousness is a paramount concern as a court weighs the decision to grant a defendant early release. *United States v. Gil*, 484 F.Supp.3d 19, 22 (D.N.H., 2020); *see also United States v. Bradshaw*, No. 1:15-CR-422, 2019 WL 7605447, at *3 (M.D.N.C. Sept. 12, 2019) (explaining overlap between dangerousness requirement in compassionate release policy statement and § 3553(a) requirement that court consider the need to protect the public).

The § 3553(a) factors a court must consider at sentencing include the nature and circumstances of the defendant's offense and the defendant's personal history and characteristics. 18 U.S.C. § 3553(a)(1). Section 3553(a) requires the court ensure that the sentence

imposed reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public from further crimes of the defendant, and provides the defendant with needed training, medical care, and other treatment in the most effective way. 18 U.S.C. § 3553(a)(2). Section 3553(a) further requires the court consider the kinds of sentences available, the Sentencing Guidelines, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(3)-(7).

In short, a court may reduce a term of imprisonment under the compassionate release provision if it finds: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of reduction. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13; *see also United States v. Sapp*, No. 14-CR-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Moreover, the defendant has the burden of showing the abovementioned factors favor release. *United States v. Figueroa-Gibson,* 2024 WL 376432, at *2 (D.P.R. Jan. 31, 2024) (citing *United States v. Galiany-Cruz,* 2023 WL 6458535, at *1 (1st Cir. 2023); *United States v. Miranda-Rojas,* 2023 WL 7181650, at *1 (1st Cir. 2023)). The court has "broad discretion in deciding whether to grant or deny a motion for sentence reduction." *United States v. Paul Gileno*, 448 F.Supp.3d 183, 186 (D. Conn. 2020) (internal quotation marks omitted).

## DISCUSSION

The government conceded that Mojica has exhausted his administrative remedies, Dkt. 885 at 3, and it raised no other administrative or jurisdictional issues. I shall therefore proceed by addressing the merits of Mojica's claim.

Again, a court may reduce a term of imprisonment under the compassionate release provision if it finds that: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of reduction. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. I shall address each of these points in turn.

### A. Extraordinary and Compelling Reasons

Mojica argues his case falls within one of the listed extraordinary and compelling reasons included in U.S.S.G. § 1B1.13(b), because he received an unusually long sentence:

> If a defendant received an (1) unusually long sentence and has (2) served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances. U.S.S.G. § 1B1.13(b).

This section considers retroactive and non-retroactive changes in law, in accordance with the First Circuit's ruling in *United States v. Ruvalcaba*, 26 F.4th 14 (1st Cir. 2022), which has been incorporated into the Sentencing Guidelines. *See U.S. Sent'g Comm'n, Guidelines Manual* § 1B1.13(b), comment. (backg'd.) ("The amendment agrees with the circuits that authorize a district court to consider non-retroactive changes in the law as extraordinary and compelling circumstances warranting a sentence reduction . . . only in cases involving 'unusually long sentences,'. . . [and] only where it would produce a gross disparity between the length of the sentence being served and the sentence likely to be imposed at the time the motion is filed."). Given that Mojica has served at least ten years of his imprisonment, as conceded by the government, Dkt. 885 at 5, I analyze this argument and the cited changes in law to determine whether there exist any gross sentencing disparities.

In his motion, Mojica argues he was incorrectly convicted for armed bank robbery resulting in death as the jury was not instructed regarding the offense element, in violation of the *Apprendi* doctrine. Dkt. 878 at 13-14. Pursuant to *Apprendi*, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. An armed bank robbery carries a statutory maximum of twenty-five years. 18 U.S.C. § 2113(d). However, a defendant shall be punished "by death or life imprisonment" if a death results in the commission of a bank robbery, or during an attempt to flee. 18 U.S.C. § 2113(e). In the case at hand, the jury was indeed instructed to find beyond a reasonable doubt that death resulted as an element for Count One, abiding by what was confirmed in *Apprendi*. Dkt. 245 at 58, 67, 73-73. As such, there is no gross disparity between the length of the sentence being served and the sentence likely to be imposed today, as the same instruction would be given to a jury now.

Although I believe, as does the government, the sentences for Count Three and Count Four may be considered grossly disproportionate, Dkt. 885 at 6-7, this analysis proves fruitless once it is understood that the life sentence imposed for Count One does not present an unusually long sentence, nor is it subject to revision under any recent changes in sentencing law. Thus, I do not find reason to reduce Mojica's life sentence under the reasoning of it being unusually long.

**B. Danger to Community**

Although my findings on the first issue make any subsequent conclusions irrelevant, I will continue the analysis. The second issue the court must consider is if Mojica will pose a danger to the safety of any other person or to the community if he obtains compassionate release.

The policy statement pursuant to 18 U.S.C. § 3582 states the imprisonment term might be reduced after considering various factors, including that the defendant is no longer a danger to the

safety of any other person or to the community. U.S.S.G. § 1B1.13(a). The analysis of the dangerousness component is made in accordance with 18 U.S.C. § 3142(g), which considers the following factors for the determination: nature and circumstances of the offense, weight of the evidence against the person, history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Moreover, there is no one test that courts rely upon when determining if a defendant poses a danger to the safety of the public at large; instead, courts may exercise discretion and apply the mentioned factors to determine whether these suggest the defendant is more or less likely to reoffend. *See United States v. Ayala-Vazquez*, 96 F.4th 1, 14 (1st Cir. 2024) (considering the defendant's criminal record to conclude he presented a danger to the community was an acceptable exercise of discretion).

Under the dangerousness factor, it is evident Mojica poses a danger. Not only did he commit violent offenses, such as armed bank robbery and armed carjacking, but the weight of the evidence against him was also substantial, as he was arrested after a shootout with the state police while in possession of a semi-automatic firearm and the stolen cash from the bank. Dkt. 337 at 5-7. Mojica also has a significant federal and state-level criminal conviction history, including firearms violations, possession of a stolen vehicle, robbery, aggravated assault, attempted murder, conspiracy, aggravated damages, and first-degree murder, which weigh heavily against his release. *Id*. at 18-25. Moreover, Mojica committed perjury during trial proceedings. *Id*. at 8. However, I also recognize Mojica's efforts, such as completing his GED, participating in victim impact sessions, and completing anger management courses. Dkt. 878-1. The rehabilitative efforts do mitigate Mojica's dangerousness, *United States v. Gil*, 484 F.Supp.3d 19, 24 (D.N.H., 2020), but

are insufficient. *See United States v. Malpica-Garcia*, 2024 WL 1172769, at *4 (D.P.R. Mar. 19, 2024) ("the [Sentencing Guidelines] policy statement specifically precludes a finding of extraordinary and compelling reasons on said grounds standing alone."); *see also* U.S.S.G. § 1B1.13(d).

Mojica's personal characteristics and past criminal behavior present a clear picture as to whether he would pose a significant threat to the community. However, upon his release from federal authorities, Mojica is aware he would have to carry out what is effectively a life sentence at state court. Dkt. 878 at 17. The court must still consider the implications of his potential dangerousness to the community if he were to be released, as the dangerousness component is of paramount concern. *Gil*, 484 F. Supp. 3d at 22. Nonetheless, I must also consider the fact that if Mojica were to serve the life sentence under state custody, he technically presents no risk under this provision, as he will not be released into the general public. *See United States v. Bravo-Ziranda*, No. 3:18-CR-00415-K-1, 2023 WL 4494348 at *5(N.D. Tex. July 10, 2023); *United States v. Hussain*, No. 13-CR-661-PWG, 2021 WL 3367822 at *5 (D. Md. Aug. 3, 2021); *United States v. Afanasyev*, No. 17 CR. 350 (LAP), 2020 WL 6395303 at *2 (S.D.N.Y. Oct. 30, 2020) (determining the defendants would not pose a threat as they were facing deportation and would not be reintegrated into the community).

Taking these factors in combination, I conclude Mojica is unlikely to pose a danger to the safety of any other person or the community merely because he would be released into state custody. Otherwise, Mojica would present a danger to other persons and the community.

### C.  18 U.S.C. § 3553(a) Factors

The third issue the court must consider is whether the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of reducing Mojica's sentence.

Section 18 U.S.C. § 3553(a) outlines seven factors to consider in imposing a sentence. The seven factors are not particularly distinct, especially in the context of reducing rather than imposing a sentence, and most courts considering compassionate release analyze the factors in tandem rather than individually. *See, e.g.*, *United States v. Mackenzie*, 458 F.Supp.3d 53, 56 (D. Mass., 2020). They are (1) the nature and circumstances of the offense along with the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense, adequately deter criminal conduct, protect the public from further crimes, and provide the defendant with educational or vocational training or medical care; (3) the kinds of sentences available; (4) the sentencing guideline range; (5) any policy statement issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution for victims of the offense. 18 U.S.C. § 3553(a).

The first, second, third, fourth, and sixth factors all weigh against Mojica's release. Only the fifth and seventh factors arguably benefit Mojica. The fifth factor "adds only that the defendant not be a danger to any person or community" and is analyzed above. *See, e.g.*, *United States v. Rodriguez,* 492 F. Supp. 3d 306, n.7 (S.D.N.Y. 2020).

The first and second factors overlap and do not favor Mojica's release. The first factor is the nature and circumstances of the offense and the history and characteristics of the defendant. The second factor is the need for the sentence imposed to (1) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) adequately deter criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

As discussed, Mojica committed several serious crimes, including firearms offenses and murder. His history and apparent character for recidivism, based on his state and federal criminal history, weigh against his release. Mojica did grow up in a violent and unstable household, which must be considered. Dkt. 337 at 24-25. However, the seriousness of the crimes committed justify the life sentence as an appropriate deterrent for this type of extreme criminal conduct and provide appropriate punishment. The third component of the second factor, protecting the public from further crimes, is discussed above, and will not be rediscussed in this section. *See United States v. Bradshaw*, No. 1:15-CR-422, 2019 WL 7605447, at *3 (M.D.N.C. Sept. 12, 2019) (explaining overlap between dangerousness requirement in compassionate release policy statement and § 3553(a) requirement that court consider the need to protect the public).

The third, fourth, and sixth factors, or the kinds of sentences available, the sentencing range established for the offense, and the need to avoid unwarranted sentence disparities among defendants with similar records, weigh against Mojica's release. Mojica has a total offense level of 43 and a criminal history category of VI; the guidelines state that an individual with those numbers should serve a life sentence in prison. Dkt. 337 at 25.

I note Mojica's codefendant Luis Nevárez-Marrero was sentenced to 17 years after pleading guilty to bank robbery resulting in death, use of a firearm in the commission of a crime of violence, armed carjacking resulting in death, possession of semi-automatic assault weapons, and aiding and abetting. Dkt. 227. However, he had a lower total offense level than Mojica at 36 and a criminal history category of IV; the sentencing guidelines suggested that he should serve from 262 to 327 months as well. *Id*. He was sentenced to 204 months. *Id*. Meanwhile, Mojica's other codefendant José Ramón Pérez-Carrera pled guilty to bank robbery resulting in death, use of a firearm in the commission of a crime of violence, armed carjacking resulting in death, possession

of a semi-automatic assault weapon, and aiding and abetting. Dkt. 236. He was sentenced at a total offense level of 36 and a criminal history category of III, both lower than Mojica's: the guidelines suggested he be imprisoned for 235 to 293 months. *Id*. He was sentenced to 653 months. *Id*. Although Mojica is serving a longer sentence than his codefendants, it is within the recommended guidelines.

The seventh factor, which is the need to provide restitution to any victims of Mojica's offense, does weigh in his favor. Mojica and his codefendants were ordered to provide restitution to the carjacking victim and Banco Popular for financial losses resulting from the crime. Dkt. 339-1, Dkt. 227 at 8. The restitution totaled $1,445.00 to be split evenly between the three defendants. Dkt. 339-1. Mojica did not clarify whether he compensated his victims, but his Financial Responsibility Payment Plan indicated he had completed his financial obligations. Dkt. 878-1. Although the effort is commendable, the § 3553(a) factors weigh against reducing Mojica's sentence when taken in tandem, as only the fifth and seventh factor favor a reduced sentence. Although Mojica demonstrated that he is unlikely to pose a danger to the community if and only if he is remanded into state custody, he did not show extraordinary and compelling reasons for his release, as the sentence is not unusually long nor subject to a reduction per changes in sentencing law.

I conclude Mojica has not met his burden of showing that he is entitled to a sentence reduction under § 3582(c)(1)(A).

## CONCLUSION

For the foregoing reasons, I recommend that the court **DENY** the defendant's motion for compassionate release.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within two weeks of the date of this order. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 30th day of April 2024.

s/ *Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge