## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | Crim. No. 96-039-1 (MAJ) |
| **JUAN M. MOJICA-RIVERA,** | |
| **Defendant.** | |

## OPINION AND ORDER

### I.    Introduction

On February 21, 1996, a Grand Jury returned a six-count indictment against Juan Miguel Mojica-Rivera ("Mojica-Rivera"), charging Mojica-Rivera and his two co-defendants with planning and conducting an armed bank robbery at Banco Popular de Puerto Rico. (**ECF No. 27**). On June 6, 1997, following a jury trial, Mojica-Rivera was convicted on all six counts: one count of bank robbery resulting in death, 18 U.S.C. § 2113(e), two counts of using a firearm in the commission of a crime of violence, 18 U.S.C. § 924(c)(1), one count of armed carjacking resulting in death, 18 U.S.C. § 2119(3), one count of being a fugitive in possession of firearms, 18 U.S.C. § 2119(3), and one count of possession of semi-automatic assault weapons, 18 U.S.C. § 922(v)(1). (**ECF No. 202 at 3–4 ¶¶ 1–2**). On August 23, 2001, the Court sentenced Mojica-Rivera to life imprisonment. (**ECF No. 339**).

Before the Court is a Motion for Compassionate Release filed by Mojica-Rivera, pursuant to 18 U.S.C. § 3582(c)(1)(A). (**ECF No. 878**). The matter was referred to

Magistrate Judge Bruce J. McGiverin for a Report and Recommendation. (**ECF No. 881**). On April 30, 2024, Judge McGiverin issued a Report and Recommendation, recommending that the Court deny the motion. (**ECF No. 903**). Mojica-Rivera filed an objection to the Report and Recommendation. (**ECF No. 916, 917**).[1] For the reasons that follow, the Court adopts the Report and Recommendation and **DENIES** the Motion for Compassionate Release.

## II.    Factual Background

Mojica-Rivera was born on July 8, 1973. (**ECF No. 202 at 2**). Mojica-Rivera recounts that, "from the moment he entered the world[,]" his life was marked by hardship and trauma. (**ECF No. 917 at 9**). According to Mojica-Rivera, he was "largely unsupervised" as a child; his father was unemployed and "suffered from severe drug addiction"; his father repeatedly subjected his mother to sexual violence; and Mojica-Rivera was conceived from that violence. (**ECF No. 917 at 9**). In addition to suffering from numerous health conditions as a child, Mojica-Rivera describes his childhood home as "an environment of extreme emotional instability" that was "permeated with constant bouts of physical violence and verbal abuse." (**ECF No. 917 at 9–10**). In 1983, Mojica-Rivera's mother suffered a "psychotic episode." (**ECF No. 917 at 10**). It was then that Mojica-Rivera "assume[d] the care of his mother and younger sister for an extended period of time." (**ECF No. 917 at 10**).

---

[1]       On April 30, 2024, Magistrate Judge Bruce J. McGiverin filed a Report and Recommendation recommending that the Court deny the Motion for Compassionate Release filed by Mojica-Rivera. (**ECF No. 903**). The same day, as a result of an administrative error, the Court adopted the Report and Recommendation and denied the Motion. (**ECF No. 904**). Approximately one week later, Defendant filed a Motion to Vacate that ruling. (**ECF No. 905**). The Court granted that request, appointed new counsel, and granted the Defendant a period of thirty days to file objections to the Report and Recommendation. (**ECF No. 906**). Pursuant to an extension of time later granted by the Court, the Defendant timely filed his objection to the Report and Recommendation on August 28, 2024. (**ECF No. 916, 917**).

Case 3:96-cr-00039-MAJ-BJM    Document 929    Filed 12/02/25    Page 3 of 14

Crim. No. 96-039-1 (MAJ)                                                    Page 3

Mojica-Rivera began using drugs at the age of eleven; by the time that he was fifteen years old, his substance abuse problem had escalated, and he had dropped out of school. (**ECF No. 917 at 10–11**). Mojica-Rivera reports that, from an early age, he "suffered from hallucinations, nervousness, and anxiety[.]" (**ECF No. 917 at 11**). In 1991, he was diagnosed with a "personality disorder characterized by anti-social behavior and the abuse of controlled substances." (**ECF No. 917 at 11**).

Mojica-Rivera had his first encounter with the legal system when he committed a felony offense as a juvenile. (**ECF No. 917 at 10**); (**ECF No. 202 at 16**). According to the Presentence Investigation Report, (**ECF No. 202**), over the course of the following seven years, before his arrest in connection with this case, Mojica-Rivera carried out a prolific campaign of armed robberies. In a case that stemmed from a 1993 bank robbery, Mojica-Rivera was convicted of unlawful possession of a firearm in the furtherance of a felony, possession of a stolen vehicle, multiple counts of robbery, aggravated assault, attempted murder, and conspiracy to commit armed bank robbery. (**ECF No. 202 at 17–19 ¶¶ 53–58**). In a case that stemmed from a 1994 armed robbery in Arecibo, Puerto Rico, Mojica-Rivera was convicted of attempted murder, multiple counts of robbery, and possession of a stolen vehicle. (**ECF No. 202 at 19–20 ¶¶ 59–62**). In a case that stemmed from a 1994 armed robbery in Camuy, Puerto Rico, Mojica-Rivera was convicted of unlawful possession of a firearm, attempted murder, aggravated damages, robbery, and possession of a stolen vehicle. (**ECF No. 202 at 20–22 ¶¶ 63–67**). Based on a 1995 armed robbery in Corozal, Puerto Rico, Mojica-Rivera was convicted of unlawful possession of a firearm, robbery, and attempted murder. (**ECF No. 202 at 22–23 ¶¶ 68–70**). And in yet another case arising from an armed robbery, this one committed in Naranjito, Puerto Rico in 1995, Mojica-Rivera was convicted of robbery and murder in

Case 3:96-cr-00039-MAJ-BJM    Document 929    Filed 12/02/25    Page 4 of 14

Crim. No. 96-039-1 (MAJ)                                                    Page 4

the first degree for the killing of José Chinea-Villanueva. (**ECF No. 202 at 23 ¶¶ 71–72**).[2] For the latter crime, Mojica-Rivera was sentenced by a local court to 140 years of incarceration. (**ECF No. 903 at 2**).

On January 29, 1996, Mojica-Rivera and three of his associates staged a bank robbery at Banco Popular in Orocovis, Puerto Rico. (**ECF No. 202 at 3**). Mojica-Rivera, who was 22 years old at that time, "was primarily responsible for organizing and planning the robbery." (**ECF No. 202 at 5 ¶ 3**). Masked and armed with an assault rifle, Mojica-Rivera entered the bank with three associates, ordered the customers and employees present to drop to the ground, gained access to a safe, and stole more than $50,000 dollars. (**ECF No. 202 at 5–7 ¶¶ 3–9**). Before the group was able to exit the bank, law enforcement officers reported to the scene. (**ECF No. 202 at 5 ¶ 5**). In response, the men abducted an elderly bank customer "and used him as a human shield as they fired at the police officers and made their way to [a] getaway vehicle" operated by one of their co-conspirators. (**ECF No. 202 at 5–6 ¶ 5**). After they entered the vehicle, an extended chase ensued, during which the group carjacked a different vehicle. (**ECF No. 202 at 6–7 ¶¶ 6–9**). During the chase, Mojica-Rivera and his associates exchanged fire with the police. (**ECF No. 202 at 6 ¶¶ 6, 8**). Two police officers were shot and seriously wounded. (**ECF No. 202 at 6 ¶ 8**). Two of Mojica-Rivera's associates were also shot and wounded, one of whom died from his wounds. (**ECF No. 202 at 6 ¶ 8**). Mojica-Rivera was captured by police after abandoning the getaway vehicle. (**ECF No. 202 at 6–7 ¶ 9**).

Mr. Mojica exercised his constitutional right to a trial and was convicted of all charges. He was sentenced to life imprisonment as to Count 1 ("bank robbery by force or

---

[2]        In addition to the offenses described above, Mojica-Rivera was convicted of unlawful possession of a firearm in 1992. (**ECF No. 202 at 17 ¶ 52**).

Case 3:96-cr-00039-MAJ-BJM    Document 929    Filed 12/02/25    Page 5 of 14

Crim. No. 96-039-1 (MAJ)                                                    Page 5

violence" under 18 U.S.C. Section 2113(e)) and Count 3 ("armed carjacking resulting in death" under 18 U.S.C. Section 2119(3)); 120 months as to Count 2 ("aiding and abetting the use of a firearm in the commission of a crime of violence" under 18 U.S.C. 924(c)(1)–(2)); 240 months as to Count 4 ("use of firearms during a carjacking" under 18 U.S.C. Section 922(c)(1), (3)); 120 months as to Count 5 ("unlawful transport of firearms" under 18 U.S.C. 922(g) and 924(a)(2)); and 60 months as to Count 6 ("penalties for firearms" under 18 U.S.C. 922(v)(1) and 924(a)(1)(B)). (**ECF No. 339**). The First Circuit affirmed the sentence and conviction. *United States v. Mojica-Rivera*, 435 F.3d 28 (1st Cir. 2006).[3]

Mojica-Rivera has been incarcerated since January 29, 1996, the day of his arrest. (**ECF No. 1, 18, 339**). He has thus served just under 30 years of imprisonment. Mojica-Rivera reports that he has been rehabilitated during that time. (**ECF No. 917 at 11–12**). His disciplinary record indicates that, during the first fifteen years of his sentence, he received approximately ten disciplinary reports; over the last fifteen years, he has received only two disciplinary reports, one for "mail abuse" and "communicating gang affiliation" and one for "possessing drugs/alcohol." (**ECF No. 917-3**). Mojica-Rivera also provides documentation showing that he has extensive work history during his time in prison, (**ECF No. 917-4**), as well as evidence that he completed his GED, participated in victim impact sessions, and completed anger management courses. (**ECF No. 878-1**). Mojica-Rivera reports that he currently maintains a "loving relationship with his mother, sister, cousins and other extended family members" and that "[h]e is anxious to reclaim his place in his community[.]" (**ECF No. 917 at 12**).

---

[3]      Mojica-Rivera filed a petition for certiorari to the Supreme Court; the petition was denied. *Mojica-Rivera v. United States*, 547 U.S. 1032 (2006).

## III.    Report and Recommendation

On December 15, 2023, Mojica-Rivera filed the instant Motion for Compassionate Release pursuant to 18 U.S.C. § 3583(c)(1). (**ECF No. 878**). The United States opposed the motion. (**ECF No. 885**). Shortly thereafter, the motion was referred to Magistrate Judge Bruce J. McGiverin for a Report and Recommendation. (**ECF No. 881**).[4]

On April 30, 2024, Judge McGiverin issued a Report and Recommendation. (**ECF No. 903**). The Report and Recommendation addressed three issues: (1) whether Mojica-Rivera had established that extraordinary and compelling reasons warrant a reduction in his sentence, (2) whether Mojica-Rivera would be a danger to the safety of any other person or the community if released, and (3) whether the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of a reduction to his sentence. (**ECF No. 903 at 6**). Judge McGiverin concluded that no extraordinary and compelling reason exists to grant compassionate release; in addition, despite the fact that releasing Mojica-Rivera – who has been sentenced to life imprisonment for a state-level conviction – would pose no danger to the community, Judge McGiverin also found that the sentencing factors set forth in 18 U.S.C. § 3553(a) did not weigh in favor of reduction to his sentence. Accordingly, Judge McGiverin recommended that the Court deny the motion. On August 28, 2024, Mojica-Rivera filed an Objection to the Report and Recommendation. (**ECF No. 916, 917**).

---

[4]    Under 28 U.S.C. § 636(b)(1)(C), a federal district court judge may refer a dispositive motion to a magistrate judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharm. Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting 28 U.S.C. § 636(b)(1)). A party is entitled to de novo review by the district court if they file written objections to a Report and Recommendation within fourteen days. 28 U.S.C. § 636(b)(1)(C). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Case 3:96-cr-00039-MAJ-BJM    Document 929    Filed 12/02/25    Page 7 of 14

Crim. No. 96-039-1 (MAJ)                                                    Page 7

In determining that Mojica-Rivera had failed to articulate an "extraordinary and compelling reason" for a reduction to his sentence, Judge McGiverin noted that the sentences imposed under Counts Two and Four were "grossly disproportionate." (**ECF No. 903 at 7**). Nevertheless, Judge McGiverin concluded that those "grossly disproportionate" sentences did not prejudice Mojica-Rivera, who was sentenced to life imprisonment under Count One. (**ECF No. 903 at 7**). Judge McGiverin concluded that no changes in the law would render the sentence as to Count 1 "unusually long" in light of current law. (**ECF No. 903 at 7**).

On August 28, 2024, Mojica-Rivera filed a formal objection to the Report and Recommendation. (**ECF No. 916, 917**). With respect to Judge McGiverin's conclusion that he had failed to articulate an "extraordinary and compelling" reason for a reduction to his sentence, Mojica-Rivera advances two possible theories.[5] First, he argues that he is serving an "unusually long" sentence, pointing to U.S.S.G. § 2A1.1, which provides for a downward departure where, as here, a death results from the commission of a felony and "the defendant did not cause the death intentionally or knowingly." (**ECF No. 917 at 15–19**) (citing U.S.S.G. § 2A1.1, Application Note 2(B) (2023)). Because the death resulting from Mojica-Rivera's criminal conduct was the death of a co-conspirator, Mojica-Rivera argues that he did not cause the death "intentionally or knowingly" and that he would therefore be eligible for a downward departure as to Count 1. (**ECF No. 917 at 19**).

---

[5]     The Court notes that Mojica-Rivera argues only that the "extraordinary and compelling" basis for his motion is the fact that he is serving what he believes to be an "unusually long sentence." (**ECF No. 917 at 16–19**). Mojica-Rivera does not appear to expressly argue that any combination of other factors would constitute an "extraordinary and compelling" basis for relief; instead, he only addresses other relevant factors under 18 U.S.C. § 3553. See 18 U.S.C. § 3582(c)(1)(A) (instructing a district court that entertains a motion for compassionate release to consider "the factors set forth in section 3553(a) to the extent they are applicable"). However, in the interest of broadly considering all potential bases for relief, the Court will analyze whether the totality of circumstances presented by Mojica-Rivera constitutes an "extraordinary and compelling" reason to grant compassionate release.

Second, Mojica-Rivera points broadly to his age at the time of the offense; the adverse experiences that characterized his childhood; and evidence of his rehabilitation as "extraordinary and compelling" circumstances that warrant a reduction in his sentence.[6]

## IV.  Analysis

Under 18 U.S.C. § 3582, a federal district court may modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i).[7] "To grant the motion, the district court must find both that the defendant [1] has presented an extraordinary and compelling reason warranting a sentence reduction, and [2] that such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" *United States v. Ruvalcaba*, 26 F.4th 14, 18–19 (1st Cir. 2022) (internal quotations and citations omitted).

To determine whether an "extraordinary and compelling" reason warranting compassionate release exists, the Court must "conduct a holistic inquiry, considering any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief." *United States v. Duluc-Méndez*, 156 F.4th 55, 61 (1st Cir. 2025) (internal quotations and citations omitted). In conducting this inquiry, the Court is authorized "to consider any extraordinary and compelling reason for release that a defendant might raise," *id.* (citations and quotations omitted), as there is no exhaustive

---

[6]    Mojica-Rivera also objected to the Magistrate Judge's conclusion that the sentencing factors set forth under 18 U.S.C. § 3553(a) weigh against compassionate release. (**ECF No. 917 at 20–26**). Because the Court finds that Mojica-Rivera has failed to establish an "extraordinary and compelling" reason for a reduction to his sentence, compassionate release is not warranted. The Court therefore declines to address the applicability of the sentencing factors under 18 U.S.C. § 3553(a) to the facts of this case.

[7]    "The court may not modify a term of imprisonment once it has been imposed" unless the movant "has fully exhausted all [their] administrative rights[.]" 18 U.S.C. § 3582(c)(1)(A). As the Magistrate Judge noted in the Report and Recommendation, the Government concedes that Mojica-Rivera has exhausted all administrative remedies. (**ECF No. 903 at 5**). Since his administrative remedies are exhausted, the Court has the authority to entertain the instant motion.

Case 3:96-cr-00039-MAJ-BJM    Document 929    Filed 12/02/25    Page 9 of 14

Crim. No. 96-039-1 (MAJ)                                                          Page 9

set of "extreme hardships" that the prisoner must demonstrate to qualify for release. *See United States v. Saccoccia*, 10 F.4th 1, 4 (1st Cir. 2021) (noting that § 3582(c)(1)(A) requires that the district court "find that the defendant's situation constitutes the type of 'extreme hardship' that the compassionate-release statute is designed to ameliorate."). This does not relegate compassionate release motions to a "Wild West" in which the Court's discretion is "unbounded": instead, the plain terms of the statute "obligate the district court to find a reason that is both extraordinary and compelling." *Ruvalcaba*, 26 F.4th at 23. Notably, the Court may consider non-retroactive changes in sentencing guidelines. *Id.* at 28.

The Sentencing Commission has not promulgated a policy statement applicable to the present motion. *See United States v. Gonzalez*, 68 F.4th 699, 704 (1st Cir. 2023). Nevertheless, the Court may look to the current policy statement, although technically not applicable, as a "a non-binding reference." *Ruvalcaba*, 26 F.4th at 23. The current policy statement, U.S.S.G. § 1B1.13, instructs courts to consider: (1) the medical circumstances of the prisoner, (2) the age of the prisoner, (3) their family circumstances, (4) whether the prisoner is a victim of abuse, (5) other circumstances "similar in gravity," or (6) whether the prisoner is serving an "unusually long sentence." U.S.S.G. § 1B1.13(b)(1)–(6). In addition, the policy statement holds that, whatever the proposed justification for compassionate release, the prisoner must also show that he is not a danger to the safety of any other person or to the community, as provided under 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13(a)(2)–(3) (further noting that the reduction must be "consistent with his policy statement"); *see also* 18 U.S.C. § 3142(g) (setting forth the factors to be considered where a court entertains a request for pre-trial release).

Because relief is contingent on whether the defendant "present[s] an extraordinary and compelling reason warranting a sentence reduction[,]" Mojica-Rivera bears the burden of demonstrating his eligibility for a reduction to his sentence. *United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. 2022).

## A. The life sentence imposed under Count One does not constitute an "unusually long sentence."

Mojica-Rivera argues that he is serving an "unusually long" sentence based on current sentencing guidelines. *See Ruvalcaba*, 26 F.4th at 28 (a district court entertaining a motion for compassionate release may consider non-retroactive changes in sentencing law to determine whether, in light of contemporary law, the defendant is serving an "unusually long" sentence). For support, Mojica-Rivera points to U.S.S.G. § 2A1.1, which provides for a downward departure where, as here, a death results from the commission of a felony and "the defendant did not cause the death intentionally or knowingly." U.S.S.G. § 2A1.1, Application Note 2(B) (2023). Because the death resulting from Mojica-Rivera's criminal conduct was the death of a co-conspirator, Mojica-Rivera argues that he did not cause the death "intentionally or knowingly" and that he would therefore be eligible for a downward departure as to Count 1 if he were sentenced today. (**ECF No. 917 at 16−19**).

This argument is foreclosed by the Federal Sentencing Guidelines. The Application Note cited by Mojica-Rivera was omitted from the 2025 version of the Guidelines, which instead expressly provide that, "[i]f a mandatory statutory term of life imprisonment applies, a lesser term of imprisonment is permissible only in cases in which the government files a motion pertaining to the defendant's substantial assistance, as

Case 3:96-cr-00039-MAJ-BJM    Document 929    Filed 12/02/25    Page 11 of 14

Crim. No. 96-039-1 (MAJ)                                                    Page 11

provided in 18 U.S.C. § 3553(e)." U.S.S.G. § 2A1.1, Application Note 2 (2025).[8]  No such motion has been filed in this case. Under the Guidelines, therefore, if he were sentenced for the same crime today, Mojica-Rivera would not have been eligible for a sentence below the mandatory minimum term of life imprisonment that was imposed for his conviction under Count 1. Accordingly, the Court finds that the life sentence imposed under Count 1 does not constitute an "unusually long sentence."

### B. Mojica-Rivera fails to establish any other extraordinary or compelling circumstances warranting a sentence reduction.

Next, Mojica-Rivera argues that his age at the time of the offense, the adverse experiences of his childhood, and evidence of his rehabilitation collectively establish "extraordinary and compelling" circumstances that warrant a reduction to his sentence. (**ECF No. 917 at 14–15**). The Court disagrees.

Congress expressly precluded "rehabilitation alone from serving as an extraordinary and compelling reason for compassionate release[.]" *United States v. Duluc-Méndez*, 156 F.4th 55, 61 (1st Cir. 2025). Moreover, while the Court may consider evidence of Mojica-Rivera's rehabilitation in combination with other factors, the record does not establish that Mojica-Rivera is fully rehabilitated. Within the last five years, Mojica-Rivera has incurred two disciplinary infractions: in one of those instances, Mojica-Rivera plead guilty to sending emails that used "coded language" and "communicat[ed]

---

[8]       Nor would any downward departure have been available to Mojica-Rivera under the 2023 version of the Federal Sentencing Guidelines, which did include the Application Note invoked by Mojica-Rivera. *See* U.S.S.G. § 2A1.1, Application Note 2(B) (2023). That is because the downward departure cited by Mojica-Rivera is not available where, as here, there is a conflicting "statutory mandatory minimum term of imprisonment." *See* U.S.S.G. § 1B1.10, Application Note 1 (2023) ("a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).").

Case 3:96-cr-00039-MAJ-BJM    Document 929    Filed 12/02/25    Page 12 of 14

Crim. No. 96-039-1 (MAJ)                                                    Page 12

gang affiliation." (**ECF No. 917-3 at 1**). Mojica-Rivera never addresses the facts of that incident in any of his filings. The Court thus cannot conclude that Mojica-Rivera is fully rehabilitated.

Nor does Mojica-Rivera's age at the time of the offense, weighed in combination with the other factors supporting his request for compassionate release, suffice to establish an "extraordinary and compelling" justification for a reduction to his sentence. (**ECF No. 917 at 20**).[9] The Court acknowledges that Mojica-Rivera was quite young when he committed the offenses of conviction: he was only twenty-two years old at that time. Yet that is rarely sufficient to warrant compassionate release. *See United States v. Saccoccia*, 10 F.4th 1, 9–10 (1st Cir. 2021) (upholding denial of motion for compassionate release where defendant was only seventeen years old when he became involved in the conspiracy and twenty-two years old when he was convicted and sentenced); *United States v. Gómez-Olmeda*, Crim. No. 03-73, 2023 WL 3641485, at *3 (D.P.R. May 25, 2023) (the fact that defendant was twenty-two years old at the time that he committed the offense of conviction did not constitute an "extraordinary and compelling" justification for release); *United States v. Razo*, Crim. No. 11-184, 2023 WL 3231623, at *8 (D. Me. May 3, 2023) (noting the apparent absence of "any caselaw suggesting that a non-juvenile defendant's youth alone can constitute an extraordinary or compelling circumstance" justifying compassionate release). Moreover, the record does not suggest that Mojica-Rivera's criminal conduct was merely a product of immaturity; instead, the evidence presented at trial established that Mojica-Rivera "was primarily responsible for

---

[9]    Mojica-Rivera does not expressly argue that his age at the time that he committed the offenses constitutes an "extraordinary and compelling" justification for release; instead, Mojica-Rivera emphasizes his young age at the time of the commission of the offense as a factor weighing in favor of release under 18 U.S.C. § 3553.

Case 3:96-cr-00039-MAJ-BJM    Document 929    Filed 12/02/25    Page 13 of 14

Crim. No. 96-039-1 (MAJ)                                                        Page 13

organizing and planning the robbery." (**ECF No. 202 at 5 ¶ 3**); *see United States v. Sepulveda*, 34 F.4th 71, 76 (1st Cir. 2022) (upholding district court finding that defendant's age at the time of the offense – twenty years old – was not an extraordinary and compelling reason to reduce his sentence where "Defendant was the leader, not a follower").

The Court is also unpersuaded that the hardships that characterized Mojica-Rivera's childhood suffice to establish extraordinary and compelling grounds for a reduction to his sentence. As previously summarized, Mojica-Rivera recounts how he was raised in a home rife with violence and disorder; (**ECF No. 917 at 9-10, 20**); that, as a result of those hardships, he developed serious mental health and substance use issues; (**ECF No. 917 at 11**); and that these intense struggles adversely impacted his development and drove him to the streets (**ECF No. 917 at 20**); *see also* (**ECF No. 917 at 23**) (arguing that "courts have recognized that a person who makes serious mistakes in his youth is still likely to reform. This is particularly true in a person like [Mojica-Rivera] who is in many ways a victim himself. The mistakes made in his youth were exacerbated by his traumatic environment and the violence and abuse that he witnessed every day, and which was instilled in him."). Mojica-Rivera also highlights that he now benefits from strong familial support and maintains positive relationships with his mother, sister, and extended family members. (**ECF No. 917 at 29–30**). Yet the seriousness of his crime, along with his extensive criminal history, cut against Mojica-Rivera's request for compassionate release. (**ECF No. 202 at 16–23**). Furthermore, the non-binding guidance set forth at U.S.S.G. Section 1B1.13(b)(4) makes clear that compassionate release may be warranted where the movant is a victim of physical or sexual abuse at the hands of the Bureau of Prisons; Mojica-Rivera identifies no existing

Case 3:96-cr-00039-MAJ-BJM    Document 929    Filed 12/02/25    Page 14 of 14

Crim. No. 96-039-1 (MAJ)                                           Page 14

precedent holding that abuse suffered *before* the offense of conviction may warrant compassionate release. (**ECF No. 917 at 15**). The Court is therefore not persuaded that Mojica-Rivera has established "extraordinary and compelling" circumstances justifying a reduction to his sentence. Having weighed the totality of the circumstances presented by the record, the Court finds that compassionate release is not warranted.

## V.    Conclusion

For the reasons set forth above, the instant Motion for Compassionate Relief is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd  day of December 2025.

<u>**s/ María Antongiorgi-Jordán**</u>
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**